UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

LYNDA ONYENECHO, on behalf of herself
and all others similarly situated,

       Plaintiff,

v.

V.C. LAUDERDALE, INC.
d/b/a VEGAS CABARET,

       Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff, LYNDA ONYENECHO, on behalf of herself and all others similarly situated, sues Defendant, V.C. LAUDERDALE, INC. d/b/a VEGAS CABARET ("VEGAS CABARET"), for violations of the Fair Labor Standards Act of 1938 ("FLSA"). As grounds, Plaintiff states:

### Introduction

1. This case presents yet another attempt by an employer to evade the mandatory minimum wage and overtime provisions of the FLSA by improperly designating its core revenue-generating employees as independent contractors. As the Department of Labor explained in a recent Administrative Interpretation:

> Misclassification of employees as independent contractors is found in an increasing number of workplaces in the United States, in part reflecting larger restructuring of business organizations. When employers improperly classify employees as independent contractors, the employees may not receive important workplace protections such as the minimum wage, overtime compensation, unemployment insurance, and workers' compensation. Misclassification also results in lower tax revenues for government and an uneven playing field for employers who properly classify their workers. Although independent contracting relationships can be

1

advantageous for workers and businesses, some employees may be intentionally misclassified as a means to cut costs and avoid compliance with labor laws.[1]

As alleged in more detail below, that is exactly what VEGAS CABARET is doing in this case.

2. The core harms for which this case seeks redress arise from unpaid minimum wage and overtime under the FLSA.[2] Congress designed the FLSA to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, are intended to prevent employers from pilfering the wages rightfully earned by their employees.[3]

3. This case implicates an adult entertainment club which goes by the trade name of "VEGAS CABARET." VEGAS CABARET has a longstanding policy of misclassifying its employees as purported independent contractors. In doing so, VEGAS CABARET required and/or permitted Plaintiff, and others similarly situated, to work as exotic entertainers and/or dancers at their adult entertainment club in excess of forty (40) hours per week, but refused to compensate them at the applicable minimum wage and overtime rates. In fact, VEGAS CABARET *refused to compensate Plaintiff at all* for the hours she and others like her worked. These dancers' only

---

[1] *See* DOL Admin. Interp. No. 2015-1, at http://www.dol.gov/whd/workers/Misclassification/AI-2015_1.pdf; *see also Carlson v. FedEx Ground Package Systems, Inc.*, 787 F.3d 1313, 1323 (11th Cir. 2015) (reversing summary judgment on claims brought by delivery drivers under the Florida Deceptive and Unfair Trade Practices Act for actual damages sustained from their improper classification as independent contractors when they were, in fact, employees).

[2] Plaintiff will be providing written notice to Red Garter of her intention to pursue additional state law claims in this matter, including under Article X, Section 24 of the Florida Constitution (the "Florida Minimum Wage Act"). Plaintiff intends to amend this Complaint to assert said claims after the applicable notice period expires.

compensation was in the form of tips from club patrons—VEGAS CABARET paid these dancers nothing and actually required these dancers to pay portions of their tips to VEGAS CABARET itself.

4.     VEGAS CABARET's conduct violates the FLSA, which requires non-exempt employees, such as Plaintiff, to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay.  *See* 29 U.S.C. § 207(a).

5.     Furthermore, VEGAS CABARET's practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision, as does VEGAS CABARET's practice of siphoning away those tips to distribute to non-tip eligible employees.  *See* 29 U.S.C. §§ 203, 206.

6.     Plaintiff therefore brings this collective action to recover the unpaid minimum wages and overtime owed to her and all other similarly situated employees, current and former, of VEGAS CABARET, at any time during the three year period before this Complaint was filed up to the present ("FLSA Class Members").  These FLSA Class Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.[4]

### The Parties, Jurisdiction and Venue

7.     Plaintiff is an individual residing in Broward County, Florida.  Plaintiff is currently an exotic dancer at VEGAS CABARET's adult entertainment club and, therefore, she has first-hand personal knowledge of the pay violations alleged in this case.

---

[3] *See Billingsley v. Citi Trends, Inc.*, 560 Fed. Appx. 914 (11th Cir. 2014).

[4] Plaintiff reserves the right to request class notice pursuant to Rule 23 for any additional qualifying claims which may later be added to this action.

8. The FLSA Class Members are all of VEGAS CABARET's current and former exotic dancers who worked at VEGAS CABARET at any time during the three years prior to the filing of this Complaint up to the present.

9. Defendant VEGAS CABARET is a domestic corporation doing business in Florida for the purpose of accumulating monetary profit. This Court has personal jurisdiction over VEGAS CABARET because, among other reasons, its principle place of business is located in Florida.

10. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11. Venue is proper in the Southern District of Florida because a substantial portion of the events forming the basis of this suit occurred in this District and VEGAS CABARET is located in this Judicial District. In particular, VEGAS CABARET's principle place of business is located at 5428 NORTH UNIVERSITY DRIVE LAUDERHILL, FL 33351.

**Plaintiff and the FLSA Class Members
Were and Are VEGAS CABARET's Employees**

12. In an FLSA case, the following elements must be met. "(1) [plaintiff] is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay [plaintiff] minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) *cert. denied,* 134 S. Ct. 62, (U.S. 2013).

13. Under the FLSA, employment is defined with "striking breadth." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992) (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 728 (1947)). "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *Id.* at 942 (citing 29 U.S.C. § 203(g)). "To determine if an individual is an employee, 'we look at the economic reality of all the circumstances' surrounding the activity." *Id.*

4

(citing *Brouwer,* 139 F.3d at 819). Courts "refer to this test as the 'economic reality' test." *Id.* (citing *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir.1997)). "The touchstone of the economic reality test is the alleged employee's economic dependence on the employer." *Id.*

14. Here, Plaintiff and the FLSA Class Members provided the core services patrons paid VEGAS CABARET to experience (*i.e.*, exotic dancing). The dancers were and are totally economically dependent on VEGAS CABARET. VEGAS CABARET had the power to hire and fire Plaintiff and the FLSA Class Members, controlled their work schedules, and required them to work certain shifts. VEGAS CABARET also provided training to Plaintiff and the FLSA Class Members, imposed rules with regard to how their dancing was performed, and controlled the types of clothing they wore. VEGAS CABARET also set the price for its customers to pay Plaintiff and the FLSA Class Members for various types of dances. The dancers were and are totally dependent on VEGAS CABARET to market, advertise, and generate customers because, without customers, the dancers lack any paying audience before whom they could perform any dances at all.

15. One of the most striking aspects of VEGAS CABARET's FLSA violations in this case is that VEGAS CABARET actually forced Plaintiff and the FLSA Class Members to pay VEGAS CABARET in order to perform their work. For example, VEGAS CABARET required Plaintiff and the FLSA Class Members and all other entertainers to pay "house fees" depending on the day and shift the dancer was working. Plaintiffs and the FLSA Class Members had to tip out certain employees at the end of their shift including, but not limited to, the DJ, the house mom, the wait staff, the floor men, the valet, security personnel, and/or the on site managers. In essence, VEGAS CABARET has attempted to implement an independent contractor scheme such that it does not have to pay its core employees (*i.e.*, the exotic dancers who are an integral part of the adult

entertainment club) any wages at all, and, even worse, force those core employees to pay wages for other ancillary workers and overhead expenses of the club out of the employees' own pockets.

16. Plaintiff and the FLSA Class Members' job duties consisted of dancing in designated areas, at designated times, in designated ways, for VEGAS CABARET's customers at VEGAS CABARET's club. These job duties require little to no skill, VEGAS CABARET exercised ultimate control over the work, and the economic reality of such work is that these dancers were, in fact, employees.

17. VEGAS CABARET's method of paying Plaintiffs in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. In fact, federal courts across the country, including in Florida, have repeatedly held that the independent contractor scheme VEGAS CABARET has implemented violates the FLSA. *See, e.g., Harrell v. Diamond A Entm't, Inc.,* 992 F. Supp. 1343, 1348 (M.D. Fla. 1997) (finding that, as a matter of economic reality, there was an "employment relationship" between exotic dancer plaintiffs and the defendant club, despite the fact that the dancers signed a licensing agreement stating that they were independent contactors); *see also Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 928 (S.D.N.Y. 2013) ("[T]he Court notes that it is not the first court to address whether exotic dancers at a strip club such as Rick's NY are employees under the FLSA. Nearly '[w]ithout exception, these courts have found an employment relationship and required the nightclub to pay its dancers a minimum wage.'").[5]

---

[5] *Citing Reich v. Circle C. Invest., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993) (affirming an injunction obtained by the Secretary of Labor under the FLSA to prevent an adult entertainment club from continuing to unlawfully treat exotic dancers as employees); *Thornton v. Crazy Horse, Inc.*, No. 3:06–CV–00251–TMB, 2012 WL 2175753 (D. Alaska June 14, 2012) (finding that exotic dancers were employees under the FLSA and the club's dancer compensation system "was intentionally structured to shift the risk of poor business to, and impose the expenses of running the business on,

**Enterprise and Individual Coverage**

18. "The Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207(a) (1), requires an employer to pay overtime compensation to an hourly worker if the employee can establish individual coverage or enterprise coverage." *Silver v. Dr. Neal Krouse, D.O., P.A.*, 06-60634- CIV, 2007 WL 4098879 *2 (S.D. Fla. Nov. 16, 2007) (citing *Thorne v. All Restoration Svcs., Inc.,* 448 F.3d 1264, 1265 (11th Cir.2006)). "To qualify for enterprise coverage, Defendants must 'ha[ve] employees engaged in commerce or in the production of goods for commerce, or [ ] ha[ve] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.'" *Id.* (citing 29 U.S.C. § 203(s)(1)(A)(i) and (ii)). "The phase 'engaged in commerce' is interpreted broadly and liberally." *Id.* (citing *Alonso v. Garcia*, 147 Fed. Appx. 815, 816 (11th Cir. 2005)).

19. At all material times, VEGAS CABARET has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

20. At all material times, VEGAS CABARET has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because it had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

---

the individual dancers as if they were independent contractors as opposed to employees and evade the requirements of the FLSA…."); *Clincy v. Galardi S. Enters., Inc.*, 808 F. Supp. 2d 1326, 1343 (N.D. Ga. 2011) (granting partial summary judgment for exotic dancers on the issue of whether they were employees versus independent contractors under the FLSA); *Thompson v. Linda and A. Inc.*, 779 F. Supp. 2d 139, 151 (D.D.C. 2011); *Morse v. Mer Corp.*, 2010 WL 2346334, at *6 (S.D. Ind. 2010); *Reich v. Priba Corp.*, 890 F. Supp. 586, 594 (N.D. Tex. 1995); *Martin v. Priba Corp.*, 1992 WL 486911, at *5 (N.D. Tex. 1992); *see also Doe v. Cin–Lan, Inc.*, No. 08–CV–12719, 2008 WL 4960170 (E.D. Mich. 2008) (in assessing motion for preliminary injunction, finding that dancer was substantially likely to succeed on claim that she is an employee under FLSA); *Jeffcoat v. Alaska Dep't of Labor*, 732 P.2d 1073 (Alaska 1987) (finding dancers to be employees under state labor

21. Specifically, VEGAS CABARET's employees have sold goods—such as alcoholic beverages and a variety of foods—that have been moved or produced in interstate commerce to VEGAS CABARET's patrons.

22. Additionally, VEGAS CABARET's employees, including Plaintiff, have handled materials that have been moved or produced in interstate commerce, which were used in the course of VEGAS CABARET's business operations.

23. VEGAS CABARET advertises on the internet, processes credit cards from out of state patrons, communicates via mail, email, and telephone with customers and vendors outside of Florida, and sells its merchandise across state lines.

24. Furthermore, VEGAS CABARET has had, and continues to have, an annual gross business volume in excess of the statutory standard.

25. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

26. At all material times, VEGAS CABARET was an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

**Additional Wage Violation Allegations**

27. VEGAS CABARET failed to pay Plaintiff and the FLSA Class Members they hired any compensation whatsoever.

28. Plaintiff and the FLSA Class Members were compensated exclusively by tips from VEGAS CABARET's customers.

---

laws modeled on FLSA).

29. VEGAS CABARET siphoned portions of Plaintiff's and the FLSA Class Members' tips by requiring them to share their tips with other VEGAS CABARET employees who were and are not eligible to participate in an FLSA complaint tip pool.

30. VEGAS CABARET siphoned Plaintiff's and the FLSA Class Members' tips by requiring them to pay for fees, including house fees, leave early fees, and credit card fees from their tips.

31. VEGAS CABARET did not pay the Plaintiff and the FLSA Class Members for any hours, including overtime, worked at the club in violation of the FLSA.

32. VEGAS CABARET misclassified Plaintiff and the FLSA Class Members as independent contractors when they were, in fact, employees as that term is defined by the FLSA. Following are some example facts demonstrating that the dancers were, in fact, employees:

   a. VEGAS CABARET hired, fired and supervised the dancers.
   b. VEGAS CABARET set the schedule for the dancers.
   c. VEGAS CABARET controlled the details of the dancers' jobs, including setting the prices to charge customers for dances and imposing requirements and limitations with regard to how to interact with the clubs' customers.
   d. VEGAS CABARET controlled the dancers' appearances with respect to their attire and makeup.
   e. VEGAS CABARET disciplined the dancers for not following club rules.
   f. VEGAS CABARET tracked the shifts and days the dancers worked just as is common for typical employer-employee relationships.
   g. VEGAS CABARET instructed the entertainers about when, where, and how the dancers were to perform their work.

h. Many of the dancers were hired as permanent employees and have worked for VEGAS CABARET for years consistent with an employer-employee relationship.

33. VEGAS CABARET misclassified Plaintiffs and Class Members as independent contractors to avoid its obligation to pay these employees pursuant to the FLSA.

34. Plaintiffs and Class Members are not independent contractors and they are entitled to minimum wage and overtime under the FLSA.

35. Although Plaintiffs and Class Members are required to and do in fact frequently work more than forty (40) hours per workweek, they are not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek. In fact, they receive no compensation whatsoever from VEGAS CABARET for either minimum wages or overtime, both in violation of the FLSA.

## **COUNT ONE: VIOLATION OF 29 U.S.C. § 207**

36. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

37. VEGAS CABARET's practice of failing to pay Plaintiff and FLSA Class Members time-and-a half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

38. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Plaintiff and the FLSA Class Members.

39. As a result, Plaintiff has been damaged.[6]

---

[6] VEGAS CABARET further failed to keep adequate records of Plaintiff's and the FLSA Class Members' work hours and pay in violation of section 211(c) of the FLSA. *See* 29 U.S.C. § 211(c);

## COUNT TWO: VIOLATION OF 29 U.S.C. § 206

40. Plaintiff incorporate all allegations contained in the foregoing paragraphs.

41. VEGAS CABARET's practice of failing to pay Plaintiff and the FLSA Class Members at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

42. In fact, VEGAS CABARET does not compensate the dancers at all for any hours worked.

43. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Plaintiff or the FLSA Class Members.

44. As a result, Plaintiff has been damaged.

## FLSA COLLECTIVE ACTION ALLEGATIONS

45. As part of its regular business practices, VEGAS CABARET has intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

46. Although VEGAS CABARET permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, it denied them full compensation for their hours worked over forty. VEGAS CABARET also denied them full compensation at the federally mandated minimum wage rate.

---

*see also* 29 C.F.R. § 516.2, §516.5. As a result, Plaintiff and the FLSA Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and showing the amount and extent of their work by "just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.*¸ 328 U.S. 680, 687 (1946).

47. The FLSA Class Members perform or have performed the same or similar work as Plaintiff. In particular, Plaintiff and the FLSA Class Members all worked as exotic dancers under the same conditions and subject to the same violations of the FLSA.

48. Many FLSA Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

49. VEGAS CABARET has classified and continues to classify FLSA Class Members as independent contractors.

50. The FLSA Class Members are not exempt from receiving overtime pay and/or minimum wage at the federally mandated minimum wage rate under the FLSA.

51. As such, the FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime and minimum wage.

52. VEGAS CABARET's failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members.

53. The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Class Members.

54. The experiences of Plaintiff, with respect to her job duties, are typical of the experiences of the FLSA Class Members.

55. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

56. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

57. All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

58. Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a formula. The claims of all the FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by VEGAS CABARET that caused harm to all the FLSA Class Members.

59. Plaintiffs and the FLSA Class Members held the same job title: dancers and/or entertainers.

60. VEGAS CABARET has classified all of its entertainers as independent contractors from at least November, 2012 to present.

61. As such, the FLSA Class of similarly situated Plaintiffs is properly defined as follows:

**The FLSA Class Members are all of VEGAS CABARET's current and former exotic dancers who worked at VEGAS CABARET at any time during the three years before this Complaint was filed up to the present.**

## **REQUEST FOR RELIEF**

For these reasons, Plaintiff and the FLSA Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a) Designation of this action as a collective action on behalf of the FLSA Class Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and her counsel to represent the Collective Action members;

b) Compensation for all unpaid minimum wage and overtime owed under the FLSA

c) Compensation for all misappropriated tips;

d) Compensation for all misappropriated funds that were labeled as fees or otherwise;

e) An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under the FLSA;

f) Interest as allowed under the FLSA;

g) Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

h) Such other relief to which Plaintiff and the FLSA Class Members may be entitled, at law or in equity.

Dated: January 18, 2017.

Respectfully submitted,

**LAW OFFICES LEVY & LEVY, P.A**.
1000 Sawgrass Corporate Parkway, #588
Sunrise, Florida 33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723

*/s/ Chad E. Levy*
Chad E. Levy, Esq.
Florida Bar No.: 0851701
chad@levylevylaw.com
***Counsel for Plaintiff***